IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-CV-932-TMH |
| | ) | [WO] |
| | ) | |
| BARBOUR COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by

Joseph Thompson ["Thompson"], an indigent inmate currently confined in the Barbour

County Jail.  In this complaint, Thompson challenges actions taken by The Eufaula

Tribune, a local newspaper, in reporting the circumstances surrounding his recent arrest for

a sexual offense.  Specifically, Thompson complains that a report contained in the

newspaper constituted slander because it referenced information he believes inaccurate

regarding the age of his victim and characterized his offense as rape when the victim

consented to "having sex" with him "which is not against the law." *Plaintiff's Complaint -*

*Court Doc. No. 1* at 1-2.[1]  Thompson seeks correction of the report and monetary damages

---

[1] A thorough review of the complaint indicates Thompson has been charged with rape in the second degree.  The applicable state code section defines this offense as follows:  "A person commits the crime of rape in the second degree if:

(1) Being 16 years old or older, he or she engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex.

for the alleged violation of his constitutional rights.

Upon consideration of the claims presented in the complaint, the court concludes that dismissal of this case prior to service of process is proper in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## I.  DISCUSSION

### A.  The Barbour County Sheriff's Department

Thompson names the Barbour County Sheriff's Department as a defendant in this cause of action.  A county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983."  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that the plaintiff's claims against the Barbour County Sheriff's Department are due to be summarily dismissed as frivolous upon application of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

### B.  The Eufaula Tribune and Reporter Tiffany Woo

---

(2) He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being mentally defective."  *Ala. Code* § 13A-6-62(a)(1)-(2).

The law is well settled that consent of the victim is no defense to a charge of second degree rape.  *Taylor v. State*, 361 So.2d 1189 (Ala.Cr.App. 1978); *Rogers v. State*, 329 So.2d 611 (Ala.Cr.App. 1976).  Moreover, a person is incapable of consent if they are less than 16 years old or mentally defective.  *Ala. Code* § 13A-6-70(c)(1)-(2).  Thus, all requisite elements of the offense of second degree rape are met when (i) a person 16 years old or older engages in sexual intercourse with a person of the opposite sex who is between the ages of 12 and 16 where the perpetrator is at least two years older than the victim or (ii) a person 16 years old or older engages in sexual intercourse with a mentally defective member of the opposite sex.

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Thompson complains The Eufaula Tribune printed a report written by Tiffany Woo which contained incorrect information regarding his arrest for a sexual offense thereby "slandering his name...." *Plaintiff's Complaint - Court Doc. No. 1* at 2. The claim against these defendants entitles Thompson to no relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law or a person whose conduct is fairly attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985. Consequently, the Eleventh Circuit has repeatedly insisted "that state action requires ***both*** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' ***and***

3

that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id.*

The Eufaula Tribune is not a person subject to suit under 42 U.S.C. § 1983. Additionally, neither The Eufaula Tribune nor Tiffany Woo is a state actor, and the court further finds that their conduct may not be fairly attributed to the state. It is clear from the complaint that the actions of these defendants about which the plaintiff complains resulted from purely private conduct excluded from the reach of § 1983. In light of the foregoing, the allegation of a constitutional violation presented against The Eufaula Tribune and Tiffany Woo is frivolous and subject to dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  The Slander Claim

Thompson complains the defendants slandered his name. *Plaintiff's Complaint - Court Doc. No. 1* at 2. In support of this claim, Thompson asserts Eddie Ingram, chief deputy for the Barbour County Sheriff's Department, provided "bogus" information to the newspaper that the victim "was under the age of 16 yrs. old." *Id.* at 3. Thompson further asserts that the newspaper should not have printed the article on his arrest because even though he "was charged with having sex with a 16 yr. old - Rape ... the victim stated in her statement that it was consen[sual] which is not against the law." *Id.*

To the extent Thompson seeks relief for the purported slander of his name, the law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation or libel. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). Thus, this theory of liability is frivolous as it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3] The slander claim is therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's 42 U.S.C. § 1983 claims against the Barbour County Sheriff's Department, The Eufaula Tribune, Tiffany Woo and Eddie Ingram be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. This case be dismissed prior to service of process.

It is further

ORDERED that on or before December 28, 2008 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of December, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

6